[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11285
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:10-cv-00070-WBH


WESLEY EUGENE DOLLAR,

                                                    Plaintiff-Appellant,


versus


COWETA COUNTY SHERIFF OFFICE,
MEDICAL STAFF,
SGT. PAT H. LYONS,
SHERIFF MICHAEL S. YEAGER,
CAPTAIN LYNN WOOD,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 10, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Wesley Eugene Dollar, a <u>pro se</u> Georgia prisoner, appeals the district court's <u>sua sponte</u> dismissal of his 42 U.S.C. § 1983 complaint, pursuant to 28 U.S.C. § 1915A(b)(1). After review, we affirm in part and vacate in part and remand for further proceedings consistent with this opinion.

## I.  BACKGROUND FACTS

### A.  Section 1983 Complaint

On June 11, 2010, Dollar filed this <u>pro se</u> § 1983 action using the standard form for state prisoners' § 1983 complaints. Dollar later filed a brief in support of his complaint, a motion for preliminary injunction and a motion for a writ of mandamus. According to these pleadings,[1] Dollar was arrested in November 2008 after being falsely accused of selling cocaine to his ex-girlfriend, a confidential informant. After being taken to the Coweta County Jail, Dollar informed the booking officer that he had a serious lumbar spine injury, for which he was taking

---

[1]Given that <u>pro se</u> plaintiffs under most circumstances are given an opportunity to amend before a <u>sua sponte</u> dismissal with prejudice, the district court, at this § 1915A screening stage, properly construed all of Dollar's <u>pro se</u> pleadings together. See <u>Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991) (explaining that a district court should <u>sua sponte</u> give a <u>pro se</u> plaintiff an opportunity to amend his complaint unless such amendment would be futile), <u>overruled in part by</u> <u>Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (declining to address <u>pro se</u> plaintiffs).

several pain medications and had upcoming surgery.

Dollar's § 1983 complaint alleges that while at the jail between November 2008 and July 2009: (1) Dollar was interviewed without being advised of his Miranda rights and while still under the influence of pain medication and needing detoxification; (2) during the interview, Dollar was tightly handcuffed to a chair, which injured his left hand; (3) Dollar was forced to sleep on the floor for three weeks due to overcrowding; (4) Dollar did not have access to fresh drinking water, suffered respiratory problems due to a raw sewage leak and staph infections from rusty beds and showers; (5) jail medical staff provided inadequate medical treatment for Dollar's injured left hand, spinal injury and respiratory problems; and (6) Dollar was denied access to a law library or other legal assistance or the right to exhaust his administrative remedies.

In the portion of the form complaint addressing exhaustion of administrative remedies, Dollar stated that he was presently confined at Wilcox State Prison. Dollar indicated that Wilcox State Prison had a state prisoner grievance procedure, but that he had not presented the facts relating to his § 1983 complaint using that prison's grievance procedure.  In response to the form's request for an explanation, Dollar stated, "I did not have this knowledge at that time."

As to the Coweta County Jail, however, Dollar's motion for a preliminary

3

injunction alleged that he "did try every process at [the Coweta County Jail] to exhaust his administrative remedies," but that he "was also denied this right" and that he "never could find out who the Grievance Coordinator was or if this facility even has one." Similarly, Dollar's brief in support of his § 1983 complaint stated that the Coweta County Jail had no grievance procedures or a grievance coordinator, that Dollar tried to file a grievance at the Coweta County Jail, but "administrative staff and officials refused to apply to my request for such procedures." Dollar's brief further stated that he had records and witnesses to support his claim.

Dollar's § 1983 complaint and his motion for a preliminary injunction sought compensatory and punitive damages for violations of his Fifth, Eighth and Fourteenth Amendment rights. Dollar's petition for a writ of mandamus sought "emergency care and treatment" and a subpoena duces tecum requiring the defendants to produce documents in their control.

**B.     District Court's § 1915A Dismissal**

The district court <u>sua sponte</u> dismissed Dollar's § 1983 complaint pursuant to § 1915A(b)(1). The district court dismissed Dollar's unlawful confinement claims for failure to state a claim. Specifically, the district court concluded that, to the extent Dollar was seeking release, Dollar's claims must be brought in a habeas

corpus petition, not in a § 1983 action. To the extent Dollar was seeking monetary damages, Dollar's claim was barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). The district court declined to construe Dollar's § 1983 complaint as a habeas petition because Dollar had not exhausted his state court remedies.

The district court dismissed Dollar's "remaining claims" because Dollar had not exhausted his administrative remedies by filing grievances at the jail. The district court took judicial notice of the fact that the Coweta County Jail has grievance procedures, citing an order in another district court case that discussed those grievance procedures. Because Dollar admitted in his complaint that he did not file a grievance, the district court concluded that Dollar's failure to exhaust was apparent on the face of his complaint.

In a motion for reconsideration, Dollar explained that he believed the Coweta County Jail did not have grievance procedures because he had asked several Coweta County Jail officials about his right to grieve and was told that there were "no grievances, or complaint forms." The district court denied Dollar's motion for reconsideration. Dollar filed this appeal.[2]

## II. DISCUSSION

Under § 1915A, the district court must review a prisoner's § 1983 complaint

---

[2]Dollar does not appeal the district court's denial of his motion for reconsideration.

"before docketing, if feasible, or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The district court must "identify cognizable claims," id. § 1915A(b), and dismiss any portion of the complaint that it is "frivolous, malicious, or fails to state a claim upon which relief can be granted." Id. § 1915A(b)(1).[3] A prisoner ordinarily must be given an opportunity to amend his complaint. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("Nothing in the language of the [Prison Litigation Reform Act (" PLRA")] repeals Rule 15(a)."). However, if the amendment would be futile, the district court may deny leave to amend. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

## A.     Unlawful Confinement Claims

The district court did not err in dismissing Dollar's claims of unlawful arrest and interrogation. A habeas petition is the exclusive remedy for a state prisoner who makes such a challenge and seeks immediate or speedier release. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973). Moreover, a state

---

[3]We review de novo a district court's sua sponte dismissal for failure to state a claim under § 1915A(b)(1), using the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals. Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1279 (11th Cir. 2001). Under those standards, we accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Timson v. Sampson, 518 F.3d 870, 872 (11th Cir. 2008). The district court may dismiss the complaint if the facts as pled do not state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

6

prisoner's § 1983 claim is barred "no matter the relief sought" and "no matter the target of the prisoner's suit" if success on that claim would necessarily demonstrate the invalidity of his conviction or length of confinement. Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 1248 (2005); Heck, 512 U.S. at 487, 114 S. Ct. at 2372. If it would, the district court must dismiss the claim unless the plaintiff can show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487, 114 S. Ct. at 2372.

To the extent Dollar's complaint seeks release based on his unlawful arrest or detention, those claims must be brought in a timely federal habeas petition. Additionally, a claim for a Miranda violation is not cognizable under § 1983. Jones v. Cannon, 174 F.3d 1271, 1290-91 (11th Cir. 1999). Given that Dollar's state criminal proceedings were still pending, the district court properly refused to construe Dollar's complaint as a habeas petition. See 28 U.S.C. § 2254(b)(1)(A) (providing that a writ of habeas corpus may not be granted unless the petition has exhausted the remedies available in the state courts). And, because Dollar's conviction has not "already been invalidated," Dollar's claims for money damages are barred by Heck. See Heck, 512 U.S. at 487, 114 S. Ct. at 2372.

7

**B.     Remaining Claims**

At this juncture and based on the face of the pleadings, the district court erred in <u>sua sponte</u> dismissing Dollar's § 1983 claims relating to the use of force, medical treatment and conditions at the Coweta County Jail.  The district court dismissed these claims because Dollar failed to exhaust them by filing a grievance with the jail.

Section 1997e, as amended by the Prison Litigation Reform Act, bars a prisoner's § 1983 action "with respect to prison conditions . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This exhaustion requirement is mandatory and "unexhausted claims cannot be brought in court."  <u>Jones v. Bock</u>, 549 U.S. 199, 211, 127 S. Ct. 910, 919 (2007).  However, "[a] remedy has to be available before it must be exhausted."  <u>Turner v. Burnside</u>, 541 F.3d 1077, 1084 (11th Cir. 2008).  A remedy is not available within the meaning of § 1997e(a) if the inmate is unaware of it and could not have discovered it with reasonable effort.  <u>Goebert v. Lee Cnty.</u>, 510 F.3d 1312, 1322-24 (11th Cir. 2007).

The "failure to exhaust is an affirmative defense under the PLRA," and "inmates are not required to specially plead or demonstrate exhaustion in their complaints."  <u>Jones</u>, 549 U.S. at 216, 127 S. Ct. at 922.  A complaint may be

8

dismissed for failure to exhaust if the lack of exhaustion appears on the face of the complaint. Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). "Otherwise, exhaustion and other affirmative defenses must be raised in a responsive pleading." Id.

Lack of exhaustion does not appear on the face of Dollar's § 1983 complaint. Dollar's § 1983 complaint alleges that he did not file a grievance at Wilcox State Prison, where he was housed when he filed his complaint, but says nothing about whether Dollar filed a grievance at the Coweta County Jail. Further, it is not apparent from the face of the complaint that Dollar could use the grievance procedures at Wilcox State Prison to grieve conditions and treatment at the Coweta County Jail, much less that Dollar knew or should have known that he could do so. See Goebert, 510 F.3d at 1322 (stating that an administrative remedy is not "available" to an inmate if the inmate does not know about it and cannot discover it through reasonable effort). Moreover, Dollar's brief in support of his § 1983 complaint and his motion for a preliminary injunction state that officials at the Coweta County Jail refused his attempts to file a grievance there.

Even if grievance procedures existed at the Coweta County Jail, Dollar alleges that Coweta County Jail officials prevented him from filing a grievance, and thus those grievance procedures may not have been "available" to Dollar for

9

§ 1997e(a) purposes.  For this reason, it is not clear on the face of Dollar's § 1983 complaint that Dollar failed to exhaust available administrative remedies.  On remand, the defendants may yet prevail in an exhaustion defense if it is properly raised in a motion to dismiss, and the parties shed more light on whether administrative remedies at the Coweta County Jail were available to Dollar.  However, the district court erred in <u>sua sponte</u> dismissing Dollar's jail conditions, excessive force and medical treatment claims on exhaustion grounds pursuant to a § 1915A frivolity review.  Accordingly, we vacate the district court's order dismissing these claims and remand for further proceedings consistent with this opinion.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**