[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13169
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cv-00070-WBH


WESLEY EUGENE DOLLAR,

                                                          Plaintiff-Appellant,

versus

COWETA COUNTY SHERIFF OFFICE,
MEDICAL STAFF,
SGT. PAT H. LYONS,
SHERIFF MICHAEL S. YEAGER,
CAPTAIN LYNN WOOD,

                                                          Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 27, 2013)

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Wesley Eugene Dollar, a Georgia prisoner proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 civil rights complaint. The district court dismissed Dollar's complaint without prejudice under the three strikes provision of 28 U.S.C. § 1915(g), concluding that Dollar had been erroneously granted leave to proceed in forma pauperis.  After review, we vacate the district court's order of dismissal and remand this appeal for further proceedings.

## I.  PROCEDURAL HISTORY

On June 11, 2010, Dollar filed a § 1983 complaint against the Coweta County Sheriff Office, the Coweta County Jail medical staff, and various prison officers.  Dollar's complaint alleged that in November 2008, he was arrested and taken to the Coweta County Jail.  Dollar alleged that, while at the jail, (1) he was interviewed without being advised of his Miranda rights and while still under the influence of pain medication and needing detoxification; (2) during the interview, he was tightly handcuffed to a chair, which injured his left hand; (3) he was forced to sleep on the floor for three weeks due to overcrowding; (4) he did not have access to fresh drinking water, suffered respiratory problems due to a raw sewage leak and staph infections from rusty beds and showers; (5) jail medical staff provided inadequate medical treatment for his injured left hand, spinal injury and

2

respiratory problems; and (6) he was denied access to a law library or other legal assistance and the right to exhaust his administrative remedies.

The district court dismissed Dollar's complaint as frivolous pursuant to 28 U.S.C. § 1915A, concluding that his claims of unlawful confinement were improperly brought under § 1983 and should have been brought as a habeas petition. The district court dismissed his claims relating to excessive force and confinement conditions because Dollar had not exhausted all administrative remedies at the jail.

Dollar appealed to this Court, which affirmed the district court's dismissal of his unlawful confinement claims. See Dollar v. Coweta Cnty. Sheriff Office, et al., 446 F. App'x 248, 251 (2011). However, this Court vacated the dismissal of Dollar's excessive force and conditions-of-confinement claims and ordered the appeal remanded to the district court as to those claims, concluding that it was not clear from the face of the complaint that Dollar had failed to exhaust available administrative remedies. Id. at 251-52.

## II. REMAND BEFORE THE DISTRICT COURT

On remand from this Court, the district court determined sua sponte that Dollar previously had filed numerous civil actions in federal courts while incarcerated, at least three of which had been dismissed as frivolous pursuant to 28 U.S.C. § 1915(g). The district court therefore concluded that, in light of these

3

dismissals, § 1915(g) prohibited Dollar from bringing any civil actions while proceeding in forma pauperis.  On this basis, the district court found that it had erroneously granted Dollar leave to proceed in forma pauperis and dismissed his § 1983 complaint without prejudice.  Thereafter, Dollar filed a timely notice of appeal.[1]

### III.  DISCUSSION

Under the Prisoner Litigation Reform Act ("PLRA") prisoners are permitted to file only three meritless suits in the in forma pauperis status.  28 U.S.C. § 1915(g).  Specifically, the "three strikes" provision of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.  The purpose of the PLRA  is to conserve judicial resources by preventing meritless cases initiated by prisoners.  Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit."  Id.

Our published decisions have consistently looked at the time of filing when considering whether § 1915(g) prevents a prisoner from proceeding in forma

---

[1] We review de novo the district court's dismissal of a complaint pursuant to 28 U.S.C. § 1915(g).  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

pauperis. See Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004) (stating that a prisoner is prevented from proceeding in forma pauperis "after he has filed three meritless lawsuits" (emphasis added)); Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (examining whether a prisoner's complaint fell under § 1915(g) "at the moment of filing")); Vanderberg, 259 F.3d at 1324 ("After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (emphasis added)). The plain reading of § 1915(g) also suggests that strikes are to be counted at the time the complaint is filed. The relevant language of the provision reads "[i]n no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim. . . ." 28 U.S.C. § 1915(g) (emphasis added).

After review of Dollar's litigation record, we conclude that the district court erred when it dismissed Dollar's complaint under § 1915(g). When Dollar filed his complaint in the present case on June 11, 2010, he only had "one strike" against him, based on the dismissal of his 2007 case for frivolousness. See Dollar v. Duffey, 3:07-cv-0085-JTC (N.D. Ga., dismissed September 28, 2007). With the exception of this 2007 case, the district court supported its dismissal order by

referencing cases brought by Dollar that were dismissed in 2011.[2]  As such, Dollar filed his complaint in the present case prior to becoming a "three-striker," and the district court's conclusion that Dollar was prohibited from proceeding in forma pauperis is erroneous.

Accordingly, we vacate the district court's dismissal order and remand this appeal to the district court for further proceedings consistent with this opinion.[3]

**VACATED AND REMANDED**.

---

[2]In support of its holding, the district court cited to these cases filed by Dollar: Dollar v. Carter, Case No. 11-13591 (11th Cir. Nov. 23, 2011), Dollar v. Carter, Case No. 10-15195 (11th Cir., Apr. 15, 2011); Dollar v. Carter, 5:10-cv-208 (M.D. Ga., July 26, 2011); Dollar v. Kemp, 3:11-cv-0018-WLB (M.D. Ga., July 8, 2011);  Dollar v. Newnan Times-Herald, et al., 3:10-cv-83-WBH (N.D. Ga., Jan. 3, 2011).  Dollar's 2007 case was Dollar v. Duffey, 3:07-cv-0085-JTC (N.D. Ga., Sept. 28, 2007).

[3]Dollar's request, made by letter dated September 25, 2012, and construed by this Court as a motion for sanctions, is DENIED.