[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 1, 2001
THOMAS K. KAHN
CLERK

_____

No. 99-4111

_____

D. C. Docket No. 98-08513-CV-WJZ

JACK VANDERBERG,

                                        Plaintiff-Appellant,

    versus

R. DONALDSON, Correctional Officer,
Individually and Officially,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 1, 2001)**

Before EDMONDSON, FAY and NEWMAN*, Circuit Judges.

_____

*       Honorable Jon O. Newman, U.S. Circuit Judge for the Second Circuit, sitting by
        designation.

EDMONDSON, Circuit Judge:

Jack Vanderberg, a pro se prisoner, filed suit under 42 U.S.C. § 1983 against a prison official. The district court dismissed the case for failure to state a claim upon which relief could be granted, pursuant to 28 U.S.C.A. § 1915(e)(2)(B)(ii) (West Supp. 2001). We affirm the dismissal.

In his complaint, Plaintiff alleged that, because his legal materials were confiscated and lost or destroyed, he was denied access to the courts. Plaintiff also alleged that he was subjected to verbal abuse and was threatened with retaliation for filing grievances and for verbally confronting a prison official.

Plaintiff appeals the dismissal of his complaint stating that section 1915(e)(2)(B)(ii) is unconstitutional, facially and as applied.[1]

Plaintiff first argues that section 1915(e)(2)(B)(ii) denies indigent litigants an equal opportunity to present meaningful grievances to the court. Section 1915(e)(2)(B)(ii) allows a district court to sua sponte dismiss a claim of an a plaintiff proceeding in forma pauperis for failure to state a claim before service of process. Because a court generally cannot dismiss a claim of a paying plaintiff

---

[1]Plaintiff also appeals the district court's dismissal of his complaint for failure to state a claim. After reviewing the complaint, we affirm the district court's dismissal.

2

under Rule 12(b)(6) before service of process, Plaintiff argues section 1915(e)(2)(B)(ii) violates his right to equal protection.

Plaintiff contends that we must apply a strict scrutiny standard to our review of section 1915(e)(2)(B)(ii) because section 1915(e)(2)(B)(ii) impinges upon an indigent litigant's fundamental right to have access to the courts. This right requires that an inmate be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996) (citations omitted). But section 1915(e)(2)(B)(ii) only addresses procedures to be followed by the district court once an inmate's claim is presented before the court. In no way does the section restrict the ability of a prisoner to prepare and file complaints, thereby bringing them to a court's attention. See, e.g., Martin v. Scott, 156 F.3d 578, 580 n.2 (5th Cir. 1998) (concluding that section 1915A, a statute instituting screening procedures similar to section 1915(e)(2)(B)(ii), does not unconstitutionally restrict prisoner's access to federal courts); Hanley v. Stewart, 21 F. Supp.2d 1088, 1093 (D. Ariz. 1998) (concluding that inmate not denied access to courts when complaint dismissed sua sponte for failure to state a claim). Section 1915(e)(2)(B)(ii), therefore, does not impinge upon an inmate's basic right of access to the courts.

Because section 1915(e)(2)(B)(ii) implicates no fundamental right, we apply a rational basis standard of review to it. Rivera v. Allin, 144 F.3d 719, 727 (11th Cir. 1998); see also Christiansen v. Clarke, 147 F.3d 655, 658 (8th Cir. 1998) (applying rational basis standard to section 1915(e)(2)(B)(ii)). Thus, section 1915(e)(2)(B)(ii) will not violate the Equal Protection Clause "so long as it bears a rational relation to some legitimate end." Rivera, 144 F.3d at 727.

The Eighth Circuit recently addressed the issue now before us and concluded that section 1915(e)(2)(B)(ii) passes review under the rational basis standard. We follow their view.

In Christiansen, the Eighth Circuit determined that Congress had legitimate interests in deterring meritless prisoner litigation and conserving judicial resources. 147 F.3d at 658. "Because prisoners ... initially pay a reduced filing fee ... and because prisoners have excessive amounts of free time on their hands, they are more likely than paying plaintiffs to file meritless suits. By allowing district courts to dismiss all meritless claims before service of process and without giving leave to amend, the statute reduces the cost of those suits to the judicial system." Id. (internal citation omitted).

The Eighth Circuit then determined that Congress chose a means rationally calculated to deter meritless prisoner litigation by raising the expected cost to a

4

prisoner of filing a meritless lawsuit. Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. 28 U.S.C. §1915(g). After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit. Id. Section 1915(e)(2)(B)(ii), in conjunction with section 1915(g), raises the expected cost of a prisoner's meritless suit by permitting its prompt dismissal for failure to state a claim, thereby hustling the prisoner towards the time when he will have to pay the full filing fee up front. See Christiansen, 147 F.3d at 658. Thus, section 1915(e)(2)(B)(ii) reduces the burdens on the judicial system while, at the same time, increases the cost to prisoners for filing meritless claims. Id.

For these reasons, the Eighth Circuit concluded, as do we, that section 1915(e)(2)(B)(ii) is rationally related to the government's legitimate interests in deterring meritless claims and conserving judicial resources and, therefore, does not violate the Equal Protection Clause.

Plaintiff also argues that his due process rights were violated, in this case, because he should have been given an opportunity to be heard before being confronted with the adverse recommendation of the magistrate judge. He argues that, because a district court defers to a magistrate's report, notice and opportunity to be heard must be afforded before the magistrate judge makes his ruling.

5

Due process does not always require notice and the opportunity to be heard before dismissal; "[A] [d]istrict [c]ourt may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." Link v. Wabash R.R. Co., 370 U.S. 626, 633, 82 S. Ct. 1386, 1390 (1962). In addition, in this case, the district court reviewed the magistrate judge's report and recommendation de novo; and Plaintiff was given an opportunity to object to the magistrate judge's report before the district court entered its final order. The complained of procedure did not deny Plaintiff due process.

Plaintiff finally argues that his due process rights were violated because the district court did not grant Plaintiff's motion to amend. Plaintiff cites no authority, nor do we know of any, which supports his contention that constitutional due process requires that a plaintiff always be afforded a chance to amend his complaint.

Furthermore, Plaintiff does not actually argue that the district court abused its discretion in denying Plaintiff's motion to amend. To the contrary, Plaintiff argues that Rule 15(a), which governs a plaintiff's motion to amend, does not apply to indigent litigants because section 1915(e)(2)(B)(ii) does not afford the district court discretion to allow an indigent litigant a chance to amend; he

6

contends that section 1915(e)(2)(B)(ii) mandates a dismissal upon a district court's conclusion that the complaint failed to state a claim. Other circuits have addressed this issue and have arrived at different conclusions. <u>Compare</u> <u>Gomez v. USAA Fed. Savings Bank</u>, 171 F.3d 794, 796 (2d Cir. 1999) (<u>pro</u> <u>se</u> plaintiff proceeding *in forma pauperis* should be afforded same opportunity to amend complaint as <u>pro</u> <u>se</u> fee-paid plaintiff); <u>with</u> <u>McGore v. Wrigglesworth,</u> 114 F.3d 601, 612 (6th Cir. 1997) (under section 1915(e)(2)(B)(ii), district court has no discretion in allowing plaintiff to amend a complaint to avoid a <u>sua</u> <u>sponte</u> dismissal).

We need not resolve this issue today. Even if we assume that Rule 15(a) trumps section 1915(e)(2)(B)(ii), the district court did not err by denying the motion.[2]     Pursuant to Rule 72(b), Plaintiff had ten days from service of the Magistrate's report in which to file his objections. While the Magistrate Judge issued his report on 2 November, we will start the clock on 6 November.[3] In our computation of Plaintiff's deadline, we exclude Saturday and Sunday. <u>See</u> FRCP 6(a). We also assume that the Magistrate's report was served upon Plaintiff by

---

[2]In denying the motion to amend, the district court did not say that it believed it lacked the legal power to grant an amendment.

[3]Plaintiff admits that the ten-day clock began to run on 6 November. It is, however, unclear whether Plaintiff alleges that the Magistrate's report was served on him 5 November or that the report was served on him 2 November and he added three extra days from the date of service in accordance with Rule (6)(e). We will give Plaintiff the benefit of the argument, and assume that he was not served until 5 November and, therefore, is still entitled to the three extra days allowed by Rule 6(e).

7

mail, and we add an extra three days to Plaintiff's prescribed time. See FRCP 6(e). Plaintiff, therefore, was required to file his objections to the report on 24 November. He missed that deadline completely. Plaintiff alleges that he delivered his "Objections to the Magistrate's Report/Motion to Amend" to prison officials for mailing on 30 November. The document was not, however, received by the clerk of the court until 8 December.

The 30th of November is the same day that the district court entered the order dismissing the action. Although someone might argue that the motion to amend should have been granted as of right because it may have been "filed"[4] before the court's dismissal was entered, see Fed. R. Civ. P. 15(a) (granting plaintiff one opportunity to amend complaint as of right before answer served), we conclude that, regardless of the timing of the entries on 30 November, the motion should, in effect, be treated as "filed" after the district court's dismissal. Two factors influence our decision.

---

[4] Plaintiff asserts that his motion to amend was given to prison officials for mailing on 30 November. Following creation of the "mailbox rule" in Houston v. Lack, 108 S.Ct. 2379, 2382 (1988) (notice of appeal), this circuit considers notices of appeal, section 1983 complaints, Federal Tort Claims Act complaints, and section 2255 motions to vacate "filed" when a pro se prisoner delivers one of them to a prison official for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir.1999) (section 2255); Garvey v. Vaughn, 993 F.2d 776, 780 n.11 (11th Cir. 1993) (section 1983 and Federal Tort Claims Act). Although we do not decide the issue today, we assume that, as a general rule, a motion to amend is subject to Houston's mailbox rule. Nonetheless, as the remainder of this opinion details, we conclude that Plaintiff is not entitled to the benefit of the mailbox rule.

First, having missed the 24 November deadline to object to the magistrate's recommendation of dismissal, we cannot say that Plaintiff did all that he could do to get before the district court in a timely way his legal position in opposition to the dismissal. See Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 2382 (1988) (noting fact that appellant " 'had done all that could reasonably be expected to get the letter to its destination within the required 10 days' " supported allowing notice of appeal to be considered "filed" when handed to prison official) (quoting Fallen v. United States, 378 U.S. 139, 144, 84 S. Ct. 1689, 1692-93 (1964); see also Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."); Garvey v. Vaughn, 993 F.2d 776, 780 n.11 (11th Cir. 1993) (collecting cases concluding that Houston rationale does not excuse inmates who deliver papers to prison officials after deadline).

Second, the motion, while perhaps "filed" (in some sense) on 30 November, did not, and could not, actually arrive at the district court and be brought to the attention of the court until several days after the 30 November order was entered. The district court did not dismiss the case on the first day possible. The court instead waited until six days after the 24 November deadline for submission of objections passed before dismissing the action. Nor is there reason to think the district court did anything to avoid seeing the motion to amend before dismissing

9

the case. To hold that Plaintiff's motion to amend must be granted as of right when it is actually received by the court after both a magistrate judge and a district judge have expended considerable judicial resources analyzing the original complaint and entering judgment would be a waste of judicial resources. See In re Watauga Steam Laundry, 7 F.R.D. 657, 658-59 (E.D. Tenn.1947) (considering expenditure of judicial resources as justification for concluding that filing of motion for leave to amend waived amendment as of right).

The circumstances of this case persuade us that Plaintiff's motion to amend must be treated as filed after the district court's dismissal order was entered on 30 November. Thus, Rule 15(a)'s amendment as of right does not apply to Plaintiff's motion to amend.

Rule 15(a)'s abuse of discretion standard applies when a plaintiff seeks to amend an unamended complaint after entry of judgment by moving to vacate a dismissal pursuant to Fed. R. Civ. P. 59(e). See Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988). Plaintiff, however, did not file a Rule 59(e) motion. Instead, Plaintiff, in addition to his motion to amend, filed a Motion for Relief from Judgment expressly based upon Rule 60(b). A "significantly higher" standard is generally used to decide whether a movant is entitled to relief under Rule 60(b). Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998).

10

We, however, need not decide whether Rules 15(a) and 59(e)'s more lenient standard applies to this pro se Rule 60(b) motion: Plaintiff cannot even satisfy the Rule 15(a) abuse of discretion standard, much less the more stringent Rule 60(b) standard.

The district court's dismissal is not reversible error. First, we stress that under the abuse of discretion standard we give a court "considerably more leeway than if we were reviewing its decision de novo." Cason v. Seckinger, 231 F.3d 777, 786 (11th Cir. 2000). We do not ask whether we would have granted the leave to amend, but whether the district court abused its discretion by not granting a leave to amend under the circumstances of the present case. See id. A district court has not abused its discretion when the court has "a range of choices" and the court's choice "does not constitute a clear error of judgment." Id. at 786-87.

In this case, one of the district court's permissible choice's within the range was to deny the motion to amend if the amendment was futile. See Brewer-Giorgio v. Producers Video, Inc., 216 F.3d 1281, 1284 (11th Cir. 2000) (motion to amend may be denied if amendment is futile). Although Plaintiff's objections/ motion to amend consisted of nine pages, Plaintiff failed to allege new facts from which the district court could have concluded that Plaintiff may have been able to state a claim successfully.

11

While the Southern District of Florida Local Rule 15.1 requires a plaintiff to attach the proposed amendment to his motion to amend, we do recognize that the rule also states that the "failure to comply with this rule is not grounds for denial of the motion." S.D. Fla. L.R. 15.1.  But Plaintiff presented no reasons for why the district court should have granted his motion to amend; nor did he give any indication about what the substance of his proposed amendment would be.  We, therefore, cannot say that the district court erred in failing to grant Plaintiff's motion to amend.

AFFIRMED.