[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11378
Non-Argument Calendar

_____

D. C. Docket No. 07-01132-CV-J-16-JRK

MARVIN D. MOBLEY,

Plaintiff-Appellant,

versus

S. L. HICKS,
in an individual capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 12, 2008)

Before BIRCH, CANES and PRYOR, Circuit Judges.

PER CURIAM:

Marvin D. Mobley, proceeding pro se, appeals the sua sponte dismissal of

his 42 U.S.C. § 1983 complaint alleging violations of his right to procedural due process as well as his right to equal protection under the law. The district court dismissed Mobley's complaint for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Upon careful review of the complaint, the pleadings, and the district court order, and upon consideration of Mobley's brief, we discern no reversible error and therefore AFFIRM.

## I. BACKGROUND

Marvin Mobley is a resident of Florida and, he has been receiving disability benefits and medicare insurance. On 2 November 2007, Mobley received a Notice of Continuing Disability Review and several Authorizations to Disclose Information to the Social Security Administration (SSA). R1-8 at 1. After completing the forms, he hand delivered them to the local SSA office. While there, Mobley asked for his medical records and a document indicating that the SSA had received his completed forms. His request was denied. Id. at 1-2.

A few days later, S.L. Hicks, a Medical Disability Adjudicator working Mobley's review, left a message for Mobley instructing him to call her back as soon as possible. Id. Mobley called Hicks several times but did not succeed in reaching her as she was out of the office. Id. When Hicks called Mobley back, she was hostile, indicating that Mobley was a diagnosed schizophrenic, which was

untrue. Id. Hicks also indicated that an appointment would be set for Mobley to see a doctor, to which he objected because he was afraid of doctors. Mobley described Hicks as "wanting to argue from the beginning of our conversation" and as laughing after he disclosed his fear of doctors. Id. at 3. Later, Mobley received a letter from Hicks informing him that if he failed to provide the SSA with the necessary information, the SSA could terminate his benefits. Id.

In his complaint, Mobley alleged that Hicks's behavior during their phone conversation, her premature decision to order a doctor's examination, and her threats to stop his benefits amounted to hostile, unfair, and unequal treatment that violated his right to procedural due process and equal protection of the law. Id. at 5, 7-8. He added that Hicks violated his right to procedural due process and equal protection by failing to send him a Letter of Due Process Determination Notice, in violation of SSA policies. Id. at 9-10.

The magistrate judge issued a Report and Recommendation ("R & R") finding that Mobley (1) failed to allege that Hicks has deprived him of a constitutionally-protected liberty or property interest; and (2) failed to provide evidence that Hicks acted with a discriminatory motive or purpose. R1-9 at 7-8. The magistrate judge recommended that his complaint be dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C.

3

§ 1915(e)(2)(B)(ii). Id. at 5, 9. Mobley objected to the magistrate judge's R & R, arguing that the magistrate was unlawfully trying to represent Hicks, and he subsequently requested an evidentiary hearing. R1-10 at 2, 4. After review, the district court found that Mobley's objections to the R & R failed to cure any of the deficiencies in his complaint. Therefore, the district court adopted, confirmed, and ratified the magistrate judge's R & R. R1-11. Mobley filed a timely notice of appeal. R1-12.

## II. DISCUSSION

A district court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is reviewed de novo, taking the allegations and facts in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). On appeal, Mobley argues that the district court should not have dismissed his complaint because it contained sufficient allegations to support his due process and equal protection claims. Additionally, he argues that by improperly dismissing his complaint, the district court violated his due process rights by depriving him of the evidentiary hearing he requested and the right to receive an answer from the defendant.

### A. Due Process

A successful § 1983 claim "alleging a denial of procedural due process

4

requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). In order to satisfy the first element of the Grayden test, a plaintiff must "allege a deprivation of a constitutionally-protected interest, not merely a risk of deprivation." Arrington v. Helms, 438 F.3d 1336, 1348 n.12 (11th Cir. 2006). Moreover, there is no due process violation when, prior to dismissal under §1915(e)(2)(B)(ii), the district court conducts a de novo review of the magistrate judge's report, and the plaintiff is given the opportunity to object to the magistrate judge's report, even if the plaintiff is not afforded a formal hearing. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Mobley alleges that Hicks was argumentative and hostile on the phone, that Hicks sent a letter saying that Mobley was in jeopardy of losing his benefits, that Hicks ordered a doctor's exam, and that Hicks did not send Mobley a Letter of Due Process Predetermination Notice. However, these allegations do not amount to a deprivation of any constitutionally-protected liberty or property interest. R1-8 at 2-3, 10. These averments cannot satisfy the first prong of the Grayden test because Mobley's disability benefits were never terminated. Therefore, he has failed to state a due process claim on which relief may be granted.

5

In his appellate brief, Mobley argued that the district court's improper dismissal of his case constituted a violation of his due process rights to receive an answer and have a hearing. The district court's dismissal of Mobley's complaint under §1915(e)(2)(B)(ii), without an evidentiary hearing , did not violate his due process rights. Prior to dismissing Mobley's complaint, the district court conducted an independent review of the record, and Mobley was given the opportunity to object to the magistrate's report. <u>Vanderberg</u>, 259 F.3d at 1324; R1-10, 11. The dismissal was proper, and thus the defendant has no obligation to answer under Rule 12 of the Federal Rules of Civil Procedure.

## B. Equal Protection

The Supreme Court has interpreted the Equal Protection Clause of the Fourteenth Amendment as "a direction that all persons similarly situated should be treated alike." <u>City of Cleburne, Tex. V. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985). One must show that they were treated differently and that such treatment was the result of a discriminatory motive or purpose. <u>Cross v. Dept. of Mental Health & Mental Retardation,</u> 49 F.3d 1490, 1507 (11th Cir. 1995). While Mobley alleges that Hick's actions were unfair and unequal, he did not offer any facts showing that he was treated differently from others in a similar situation or that there was a discriminatory motive or purpose on Hicks's part. <u>Id.</u> At 6, 9.

Allegations of unequal treatment and discriminatory motive or purpose are essential to an equal protection claim, and without them, Mobley's complaint was properly dismissed.

## III. CONCLUSION

The district court did not err in dismissing Mobley's complaint for failure to state a claim under §1915(e)(2)(B)(ii). Mobley failed to allege facts sufficient to show he was deprived of a constitutionally-protected liberty or property interest. Moreover, the district court's lawful dismissal of Mobley's claim, without affording him an evidentiary hearing, did not violate his right to due process because the district court conducted an independent review of the record, and Mobley was given the opportunity to object to the magistrate's report before the district court dismissed his complaint. Mobley's equal protection claim is not properly stated because he did not allege facts sufficient to show unequal treatment and discriminatory motive. We discern no reversible error and for the above reasons, we affirm the district court's dismissal of Mobley's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**AFFIRMED.**