[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 18, 2008
THOMAS K. KAHN
CLERK

No. 07-15712
Non-Argument Calendar

_____

D. C. Docket No. 95-00388-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SYLVESTER DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 18, 2008)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Sylvester Aaron Daniels appeals the district court's denial of his motion to

reopen under Fed.R.App.P. 4(a)(6) the time for appeal of the court's order denying his Fed.R.Civ.P. 60(b) motion. Daniels argues that he had a right to reopen the time to appeal because he did not receive timely notice of the judgment and that granting his motion would not have prejudiced the government and would have given him a "fair opportunity to address the court in proper form."

The denial of a request to reopen the time to file a notice of appeal is reviewed only for an abuse of discretion. McDaniel v. Moore, 292 F.3d 1304, 1305 (11th Cir. 2002). "When employing an abuse of discretion standard, we must affirm unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326 (11th Cir. 2000). We will not reverse a decision of the district court that is within its range of discretion, "even though we would have gone the other way had it been our call." Rasbury v. Internal Revenue Service, 24 F.3d 159, 168 (11th Cir. 1994).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir.2006) (quotations omitted), cert. denied, 127 S.Ct. 1908 (2007). Pro se litigants, however, are still held to filing deadlines. See Vanderberg v. Donaldson, 259 F.3d 1321, 1325-26 (11th Cir. 2001) (noting that, because pro

2

se litigant missed the deadline to object to the magistrate judge's report and recommendation, the plaintiff did not do all that he could to oppose dismissal in a timely manner).

Generally, where the United States is a party, the notice of appeal in a civil case "may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed.R.App.P. 4(a)(1)(A)-(B). However, the time to file a notice of appeal may be extended by a motion to reopen:

> [T]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry;
> >
> > (B) the motion is filed within 180 days after the judgment or

---

[1] Federal Rule of Civil Procedure 77(d) provides:

(d) Serving Notice of an Order or Judgment.

(1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b).

(2) Time to Appeal Not Affected by Lack of Notice. Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Fed.R.App.P. 4(a)(6)(A)-(C). What this means is that where all three conditions of Rule 4(a)(6) have been met a district court is allowed, but not required, to reopen the time to file an appeal.

After a review of the record and the parties' briefs, we find no abuse of discretion given the totality of the circumstances. Chief among those circumstances is that Daniels inexcusably waited more than two years to file the Rule 60(b) motion he seeks to belatedly appeal, and that motion concerned the order denying the latest in a series of petitions and motions he has filed attacking a sentence that is final and is now more than twelve years old. There would be little point in reopening the time to appeal the denial of a dilatory motion that is certain to be affirmed if there was an appeal.

**AFFIRMED.**