[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13257
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00110-JES-DNF


FREDERICK LEVIN WATERFIELD, JR.,

Plaintiff-Appellant,

versus

ALANE LABODA,
DARRYL CASANUEVA,
CHRIS W. ALTENBERND,
JAMES W. WHATLEY,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 1, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Frederick Levin Waterfield, Jr., a Florida prisoner, appeals the district court's *sua sponte* dismissal of his *pro se* 42 U.S.C. § 1983 civil rights complaint that he filed against four Florida state judges (the judges), as well as the denial of his subsequent motion for rehearing or a new trial.  Liberally construed, Waterfield argues on appeal that the Florida state courts did not have jurisdiction over his criminal prosecution, and that the judges violated his rights by denying his post-conviction motions on procedural grounds.  After consideration of Waterfield's brief and careful review of the record, we affirm.

As an initial matter, the district court did not err by *sua sponte* dismissing Waterfield's complaint without requiring a response from the judges.  28 U.S.C. § 1915A establishes a screening procedure for prisoner complaints that requires the district court to review a complaint and dismiss it for failing to state a claim as soon as possible, preferably before the complaint is even docketed.  28 U.S.C. § 1915A(a).  As such, dismissal prior to a responsive pleading from the judges was not only permissible, but was encouraged by the statute.  *Cf. Vanderberg v. Donaldson*, 259 F.3d 1321, 1323-24 (11th Cir. 2001) (holding that 28 U.S.C. § 1915(e)(2)(B)(ii), a provision analogous to § 1915A, allows a district court to *sua sponte* dismiss a prisoner's complaint for failure to state a claim before service of process).

2

Dismissal of Waterfield's complaint, moreover, was warranted under § 1915A.[1]  The judges were absolutely immune from civil liability for their handling of Waterfield's criminal case and post-conviction proceedings.  *See, e.g.*, *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).  The district court, furthermore, did not err by refusing to issue an injunction instructing the judges on how they should have resolved Waterfield's state-court proceedings, or detailing what actions they should take in the future with regard to his criminal judgment.  *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1546-50 & n.6 (11th Cir. 1996) (discussing the principles of federalism, comity, and equity that militate against a federal judge issuing an injunction against state judges, even in the absence of ongoing state-court proceedings); *see also* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.").

To the extent Waterfield attempted to attack his criminal convictions, prisoners are prohibited from using § 1983 to challenge the fact or duration of their confinement.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (explaining that "the hoary principle that civil tort

---

[1] We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915A for failure to state a claim.  *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001).

3

actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"). Waterfield's contention that the state courts lacked jurisdiction over his criminal proceedings would necessarily imply the invalidity of his criminal conviction, and § 1983 therefore was not an appropriate vehicle for his argument.  *See Heck*, 512 U.S. at 486-87.  Finally, the district court did not abuse its discretion by denying Waterfield's motion for rehearing or a new trial because Waterfield simply sought to relitigate the merits of his § 1983 complaint.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) ("A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." (quotation omitted)).

   **AFFIRMED.**