[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14626
Non-Argument Calendar

_____

D.C. Docket No. 4:11-cv-00202-WTM-GRS,
BKCY No. 07-bkc-41381-LWD

IN RE: DONALD H. BAILEY,

Debtor.

_____

KAI HANSJURGENS,

Plaintiff-Appellant,

versus

DONALD H. BAILEY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 11, 2013)

Before HULL, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Kai Hansjurgens, proceeding *pro se*, appeals the district court's dismissal of his bankruptcy appeal upon its finding that Hansjurgens untimely filed the notice of appeal and failed to show excusable neglect, as required by Federal Rule of Bankruptcy Procedure 8002(c)(2). Hansjurgens does not dispute that he filed his notice of appeal 22 days after the bankruptcy court's final judgment issued and 8 days after the time for filing a notice of appeal expired. Hansjurgens argues, however, that his untimely filing stemmed from excusable neglect because his former attorney erroneously advised him that he had 30 days from the bankruptcy court's entry of final judgment to appeal, instead of the 14 days that Rule 8002 requires. Hansjurgens raises a number of other arguments as to the substance of his appeal, but unless he establishes that jurisdiction exists over his appeal, we cannot and will not address them. Upon review of the record and consideration of the parties' briefs, we affirm.

We review the determination of excusable neglect, which here was made by the bankruptcy court in denying Hansjurgens's motion to extend the time to appeal, for abuse of discretion. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997 (11th Cir. 1997). We review determinations of law—whether made by the bankruptcy court or district court—*de novo*. *Williams v. EMC Mortg. Corp. (In re*

2

*Williams*), 216 F.3d 1295, 1296 (11th Cir. 2000).  We review the district court's decision to dismiss Hansjurgens's appeal *de novo*.  *Id.*

Timely filing a notice of appeal is mandatory and jurisdictional, and an appellate court lacks jurisdiction to hear an appeal if the notice is not timely filed. *Id.* at 1298.  Federal Rule of Bankruptcy Procedure 8002(a) provides that an appellant must file a notice of appeal "within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a).  Under certain circumstances, however, the bankruptcy court may extend the time for filing a notice of appeal "upon a showing of excusable neglect."  Fed. R. Bankr. P. 8002(c)(1)-(2).

Excusable neglect "is at bottom an equitable" concept that considers all relevant circumstances surrounding the omission.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). Courts employ a four-factor test to determine the existence of excusable neglect: (1) the risk of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party; and (4) whether the movant acted in good faith.  *Id.* (interpreting "excusable neglect" in context of Fed. R. Bankr. P. 9006(b)(1)); *see also Riney*, 130 F.3d at 997-98.  "[A]ttorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to

3

comply with a deadline." *Riney*, 130 F.3d at 998.  Pleadings filed by a *pro se* litigant are construed liberally, but *pro se* litigants must nonetheless conform to procedural rules, including deadlines.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001) ("Liberal construction does not mean liberal deadlines." (quotation omitted)).

Hansjurgens has not shown that the bankruptcy court abused its discretion in finding that no excusable neglect existed; consequently, he has not shown that the district court erred in dismissing his appeal.  The primary explanation that he provides for filing his notice of appeal late is that his former counsel erroneously told him that he had 30 days from the entry of the bankruptcy court's judgment to file his appeal.  However, under *Riney*, an attorney's misunderstanding of the law is not a sufficient basis for finding excusable neglect in failing to comply with a deadline.  *Riney*, 130 F.3d at 998.  Hansjurgens maintains that, even if his former counsel was not excusably negligent in misstating the appeal deadline, Hansjurgens was excusably negligent to the extent that he relied on her erroneous advice.  However, he offers no authority to support his contention that such reliance constituted excusable neglect, and our precedent that *pro se* litigants must conform to procedural rules, including deadlines, is fatal to that argument.  *See*

4

*Albra*, 490 F.3d at 829; *Vanderberg*, 259 F.3d at 1326.  Accordingly, we affirm the district court's dismissal of Hansjurgens's appeal for lack of jurisdiction.[1]

**AFFIRMED.**

---

[1]    Having found that the district court lacked jurisdiction to hear Hansjurgens's appeal, we need not consider the merits of his substantive claims.  We do note that there is no support in the record for Hansjurgens's bald allegations of partiality on the part of the bankruptcy judge.