[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10655
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00350-WKW-DAB

DARRELL LAMAR MARSHALL,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
W. HAROLD ALBRITTON, III,
United States District Judge, in his official capacity,
MYRON H. THOMPSON,
United States District Judge, in his official capacity,
U.S. ATTORNEY'S OFFICE,
in their official capacity,
THE FEDERAL MEDICAL CENTER,
in their official capacity,

Defendants-Appellees.
_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 4, 2019)

Before WILLIAM PRYOR, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Darrell Marshall appeals *pro se* the *sua sponte* dismissal of his complaint. 28 U.S.C. § 1915(e)(2)(B). Marshall challenges the denial of his motion for the magistrate judge to recuse and the treatment of his action as raising constitutional claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Marshall also argues that the summary disposition of his complaint violated his right to due process. We affirm.

The district court did not abuse its discretion when it denied Marshall's motion to recuse. Marshall alleged that the magistrate judge was "bias[ed]," but Marshall failed to file an affidavit stating that the magistrate judge was prejudiced against him or that the magistrate judge possessed personal knowledge of the case that required recusal. *See* 28 U.S.C. § 144. Marshall's status as a *pro se* litigant did not excuse him from providing an affidavit in support of his motion. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Marshall also alleged that the magistrate judge engaged in "misconduct . . . [by] misconstru[ing] [the] Civil Rights Complaint as a *Bivens* action and recommend[ing] that the case be dismissed," but Marshall's disagreement with the magistrate judge's adverse

2

rulings did not constitute a valid ground for recusal. *See Draper v. Reynolds*, 369 F.3d 1270, 1279 (11th Cir. 2004).

The district court reasonably construed Marshall's complaint as a *Bivens* action. Civil actions against state officers for violating a plaintiff's federal constitutional rights are governed by a federal statute, 42 U.S.C. § 1983, while *Bivens* recognizes a cause of action against federal officers for violations of federal constitutional rights. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Marshall did not allege that any defendant violated his federal constitutional rights while acting under color of state law as required to state a claim under section 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). As the district court stated, *Bivens* offered Marshall his "best hope for relief" because he alleged wrongdoing by federal actors. Marshall complained that two federal district judges, the United States Attorney's Office, the Federal Medical Center, and the United States of America conspired to conceal his mental disabilities, discriminated against him because of his mental disability, and violated the Americans With Disabilities Act.

The district court did not abuse its discretion by dismissing Marshall's complaint as frivolous. When an "action . . . is frivolous," 28 U.S.C. § 1915(e)(2)(B)(i), by being "without arguable merit either in law or fact," *Napier*

3

*v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)), the district court must dismiss the action and may do so *sua sponte* before service of process, *Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001). Marshall's complaint is frivolous because the district judges enjoy absolute judicial immunity, *see Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000), and because *Bivens* does not provide for an action against federal agencies like the United States Attorney's Office and the Federal Medical Center, *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486 (1994), or against the United States, *McCollum v. Bolger*, 794 F.2d 602, 608 (11th Cir. 1986), all of which enjoy sovereign immunity. Marshall does not challenge the dismissal of his claim under the Disabilities Act, so we deem abandoned any argument he could have made contesting that adverse ruling. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned . . . .").

The district court did not violate Marshall's right to due process by *sua sponte* dismissing his complaint. "[D]ue process requires, at a minimum, that . . . persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971). The screening procedure under which the district court

4

dismissed Marshall's complaint as frivolous, 28 U.S.C. § 1915(e)(2)(B)(ii), does not violate due process. *See Vanderberg*, 259 F.3d at 1323. The district court reviewed Marshall's objections to the recommendation of the magistrate judge before entering its final order that dismissed the complaint. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962) (*sua sponte* dismissal for failure to prosecute did not "offend[ ] due process" given "the availability of a corrective remedy"). And we have reviewed the dismissal of Marshall's complaint *de novo*. These postdecisional procedures provided Marshall ample "meaningful opportunit[ies] to be heard." *See Boddie*, 401 U.S. at 377.

We **AFFIRM** the dismissal of Marshall's complaint.

5