[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10568
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cv-01826-CEM-GJK


RENEE BELL,

Plaintiff-Appellant,

versus

U.S. BANK NATIONAL ASSOCIATION,
Successor by Merger/Leader Mortgage (US Bancorp),
RICHARD K. DAVIS,
MARK G. RUNKER,
ANDREW CECERE,
FLORIDA HIGHWAY PATROL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 7, 2020)

Before WILSON, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Renee Bell, proceeding *pro se*, appeals the dismissal of her complaint with prejudice under 28 U.S.C. § 1915(e) alleging constitutional violations by the U.S. Bank National Association, the Oaks at Powers Park Homeowners Association, the Florida Highway Patrol, and several individuals.  Among other things, Bell appears to contend that U.S. Bank conspired with the other defendants to fraudulently foreclose on her property and prevent her from filing for bankruptcy.  On appeal, she asserts that the district court violated her constitutional rights by dismissing her complaint and that the court shouldn't have considered her complaint frivolous because decisive facts may not have emerged until discovery or trial.[1]

If a party fails to object to the findings or recommendations contained in an report and recommendation (R&R) after being informed of the time period for objecting and the consequences on appeal for failing to object, that party waives the right to challenge the unobjected-to factual and legal conclusions on appeal. 11th Cir. R. 3-1.  Furthermore, if a *pro se* litigant fails to address an issue in her opening brief, that issue is deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870,

---

[1] The dismissal of a complaint under § 1915(e) as frivolous is reviewed for abuse of discretion. *Bilal v. Driver*, 251 F.3d 1346, 1348–49 (11th Cir. 2001).

2

874 (11th Cir. 2008).  Here, Bell waived her right to challenge the district court's factual and legal conclusions because she didn't object to the substance of the R&R.  She also abandoned any argument that the district court erred in dismissing her complaint with prejudice because she did not argue that issue in her brief.

Additionally, we have held that a district court doesn't violate due process in dismissing a complaint under § 1915(e) where the litigant is given an opportunity to object to the R&R and the district court reviews the R&R *de novo*.  *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).  So, to the extent that Bell argues that the dismissal violated due process, her argument fails because she was given an opportunity to object to the R&R, which the court reviewed *de novo*.

Finally, motions to dismiss based on a facial challenge to the complaint should be resolved before discovery begins.  *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).  Therefore, to the extent that Bell asserts that she couldn't file a proper complaint without discovery, the district court determined that her claims were facially frivolous and, therefore, properly dismissed the matter before discovery.

**AFFIRMED.**