[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11359
Non-Argument Calendar
_____

D.C. Docket No. 2:19-cv-00400-ECM-WC


LARRY AYERS WILKE,

Plaintiff-Appellant,

versus

TROY REGIONAL MEDICAL CENTER,
CHRISTIAN LUKJAN,
Attorney,
JUDGE DUNN,
Pike Co. Probate,
RANDALL BARR,
Troy Police Chief,
PIKE CO. MENTAL HEALTH, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 17, 2021)

Before GRANT, LUCK, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, Plaintiff Larry Wilke appeals the district court's order dismissing without prejudice his 42 U.S.C. § 1983 complaint against several defendants. Because the court did not err in concluding that Plaintiff failed to state a claim against one defendant and did not abuse its discretion in determining that Plaintiff had not timely perfected service against the remaining defendants or shown good cause for failing to do so, we affirm.

## I.     BACKGROUND

Proceeding *pro se*, on June 10, 2019, Plaintiff filed a three-page complaint against Troy Regional Medical Center ("Defendant") and several other defendants, including Attorney Christian Lukjan, Judge Dunn, Police Chief Randall Barr, Pike Co. Mental Health, Craig Maddox, Dr. Strunk, and Office Assistant Valerie (collectively, "Remaining Defendants"). Implicitly invoking 42 U.S.C. § 1983, Plaintiff claimed that the defendants had violated his civil rights by engaging in harassment, false imprisonment, and false arrest. The complaint identified several prior cases in which Plaintiff was a party, under the heading "History," and stated that "this complaint is 'joined at the hip' with the pr[e]ceeding 'History.'" Although the complaint did not contain any factual allegations, it anticipated that the defendants would "attempt[] to malign the plaintiff as 'incompetent.'" From

2

the attached probate court orders and filings, it appeared that Plaintiff might be seeking to raise claims arising out of his involuntary commitment at the Troy Regional Medical Center Senior Behavioral Care Unit in Troy, Alabama.

In July 2019, Defendant filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint's lack of specificity did not comply with the federal pleading standard or the Alabama Medical Liability Act, which governs claims by patients against Alabama healthcare providers. On September 25, 2019, a magistrate judge ordered Plaintiff to show cause within two weeks why Defendant's motion to dismiss should not be granted. Noting that Plaintiff also had not timely served the defendants, the magistrate judge further ordered Plaintiff to show cause why the action should not be dismissed for failure to timely perfect service. Plaintiff did not respond.

After waiting nearly six months for Plaintiff to respond to the order to show cause, the magistrate judge issued a report and recommendation ("R&R") in March 2020, recommending that the district court dismiss the complaint without prejudice. Because Plaintiff's complaint simply listed the names of (1) the defendants, (2) the causes of action, and (3) Plaintiff's prior cases, the magistrate judge concluded that Plaintiff had not pleaded enough facts to support a plausible claim. The magistrate judge also concluded that amendment would be futile because Plaintiff had "continually failed to respond [to] orders of this Court or

3

otherwise prosecute his case." Accordingly, the magistrate judge recommended that the district court grant Defendant's motion to dismiss for failure to state a claim. In addition, because Plaintiff had not timely served the Remaining Defendants or shown good cause for an extension of time to serve process, the magistrate judge recommended that the district court dismiss Plaintiff's claims against the Remaining Defendants under Federal Rule of Civil Procedure 4(m).

Plaintiff timely responded to the R&R, but his objections did not address the magistrate judge's reasons for recommending dismissal. Instead, Plaintiff merely realleged that defendants and others had violated his rights, asserted generally that the R&R's conclusions were unreasonable, and stated that his "clarity of thought and legal progress" had been affected by injuries sustained in a recent car accident.

Because Plaintiff's objections largely mirrored his complaint and lacked factual or legal support, the district court overruled the objections and adopted the R&R. As a result, the court granted Defendant's motion to dismiss and dismissed Plaintiff's case against Defendant without prejudice. The court also dismissed without prejudice Plaintiff's claims against the Remaining Defendants, as he had abandoned those claims, failed to prosecute his case, and failed to comply with the court's orders. This appeal followed.

4

## II.    DISCUSSION

On appeal, Plaintiff challenges the district court's dismissal of his complaint for failure to state a claim and for failure to timely perfect service.  After careful review, we discern no error in the decision below.[1]

First, the district court correctly dismissed Plaintiff's complaint against Defendant for failure to state a claim.  "We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (quotation marks omitted).

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the pleading standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content

---

[1] On appeal, Plaintiff asserts that his case "involv[es] undisputable facts" and "should not be routinely dismissed."  He also realleges generally that the defendants violated his constitutional rights by falsely arresting him, subjecting him to involuntary commitment, and forcibly injecting him with psychotropic drugs.  Although we liberally construe *pro se* briefs, Plaintiff has not identified any alleged errors in the magistrate judge's or district court's rulings.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Accordingly, Plaintiff has abandoned a challenge to the dismissal of his complaint.  *Id.*  In any event, the district court correctly dismissed Plaintiff's complaint without prejudice.

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, pleading a claim "requires more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In evaluating whether dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6), we disregard allegations that are merely legal conclusions and determine whether the factual allegations remaining in the complaint would entitle the complainant to relief if true. *Am. Dental Ass'n*, 605 F.3d at 1290. Although we liberally construe a *pro se* plaintiff's pleadings, *pro se* litigants are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Here, the district court did not err in granting Defendant's motion to dismiss for failure to state a claim to relief. In his complaint, Plaintiff identified the parties and the causes of action but failed to provide *any* factual allegations, much less spell out plausible claims against specific defendants. *See Iqbal*, 556 U.S. at 678. The only allegation in the complaint that could arguably qualify as "factual" was Plaintiff's assertion that the instant complaint was "joined at the hip" with his prior legal actions. Even assuming that this allegation was factual rather than legal, however, it did not raise Plaintiff's "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff did not explain what was at issue in his prior

6

cases, how those cases were connected to the instant complaint, or why his other cases showed that any defendant had violated his constitutional rights. Without supporting factual content, the court could not reasonably infer that any defendant was liable for misconduct. *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff failed to state a claim to relief against Defendant.[2]

Likewise, we discern no error in the district court's dismissal of Plaintiff's complaint against the Remaining Defendant for failure to timely perfect service. We review a district court's dismissal of a complaint under Federal Rule of Civil Procedure 4(m) for an abuse of discretion. *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009). Rule 4(m) provides that, after giving notice to a plaintiff who has not served a defendant "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). An

---

[2] We note that the district court also reasonably dismissed Plaintiff's complaint without prejudice rather than *sua sponte* granting leave to amend. An abuse-of-discretion standard applies to a district court's denial of leave to amend. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1326 (11th Cir. 2001). Although a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the court here reasonably concluded that dismissal without prejudice was warranted. This is particularly true because Plaintiff did not seek leave to amend, did not respond to the magistrate judge's show-cause order, which directed Plaintiff to respond to Defendant's motion to dismiss for failure to state a claim, and did not identify any facts in his objections to the R&R that would cure the factual deficiencies in his complaint. *See Vanderberg*, 259 F.3d at 1326–27 (holding that the court did not abuse its discretion in denying leave to amend where the plaintiff did not move for leave to amend until after the dismissal order and the "[p]laintiff failed to allege new facts from which the district court could have concluded that [the] [p]laintiff may have been able to state a claim successfully").

extension of time for service is warranted where a plaintiff can "show good cause for the failure" to serve a defendant. *Id.*

Here, because Plaintiff failed to timely perfect service or show good cause for failing to do so, the district court did not abuse its discretion in dismissing without prejudice his complaint against the Remaining Defendants. Plaintiff filed his complaint in early June 2019 but never served the Remaining Defendants. In late September 2019, the magistrate judge ordered Plaintiff to show cause why his complaint should not be dismissed for failure to timely perfect service, but Plaintiff never responded to that order. Only after the magistrate judge issued the R&R in March 2020 did Plaintiff file a response, and even then Plaintiff did not address his failure to timely perfect service. Plaintiff's failure to timely serve the Remaining Defendants or show good cause for failing to do so is therefore undisputed. Accordingly, the district court did not abuse its discretion in dismissing without prejudice Plaintiff's complaint against the Remaining Defendants.

## III.  CONCLUSION

Plaintiff has not shown that the district court erred in granting Defendant's motion to dismiss or abused its discretion in dismissing Plaintiff's claims against the Remaining Defendants. Accordingly, we affirm the district court's order dismissing Plaintiff's complaint without prejudice.

**AFFIRMED.**