[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12569

Non-Argument Calendar

_____

SAMANTHA DELANE RAJAPAKSE,

Plaintiff-Appellant,

versus

EQUIFAX, LLC,

Defendant,

EQUIFAX INFORMATION, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-00080-TWT

_____

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Samantha Rajapakse appeals the dismissal of her amended complaint as frivolous. In the district court, she asserted claims under the Fair Credit Reporting Act. Rajapakse alleged that she was a class member in the Equifax data breach litigation and that Equifax hadn't complied with its obligations as part of the settlement agreement by not taking extra measures to investigate and to remove inaccurate information on her credit reports. Specifically, Rajapakse alleged that Equifax maintained two credit accounts in her name: one in her married name and one in her maiden name. According to Rajapakse, Equifax failed to timely remove one of the accounts and it failed to investigate disputes she had with two creditors.

After Rajapakse moved for in forma pauperis status, the district court screened the amended complaint under 28 U.S.C. section 1915(e)(2)(B) and dismissed it as frivolous. The amended complaint was frivolous, the district court explained, because, "[t]o the extent that the [p]laintiff [was] claiming damages as a result of the

2017 Equifax data breach, [she was] a member of the consumer class and those claims have been settled." As to any other allegations, the district court concluded, they were "outlandish and incomprehensible."

On appeal, Rajapakse argues that: the district court abused its discretion because it dismissed the amended complaint after she questioned the court's "behavior"; she was entitled to relief as a matter of law because Equifax "provided no defense"; the district court violated her due process rights as a pro se litigant; and the district court violated her "rights as a consumer" under the Fair Credit Reporting Act. But we find no error.

First, the district court dismissed the amended complaint because Rajapakse's "claims ha[d] already been settled" as part of the Equifax class action—not because she questioned the court's behavior. Second, under section 1915(e)(2)(B), the district court may "dismiss the case at any time"—even before the defendant answers the amended complaint—if the "action" "is frivolous," or "fails to state a claim," as the district court found here. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Third, dismissing the amended complaint under the section 1915(e)(2)(B) screening procedures did not violate Rajapakse's due process rights. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (concluding that the screening procedures in section 1915(e)(2)(B) "did not deny" the pro se plaintiff "due process"). And fourth, the district court didn't violate Rajapakse's rights under the Fair Credit Reporting Act because she failed to state a claim for relief under the Act.

4                      Opinion of the Court                21-12569

Thus, we affirm the district court's dismissal of the amended complaint.

**AFFIRMED.**