[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13810
Non-Argument Calendar

_____

D.C. Docket No. 6:14-cv-00044-BAE-JEG

ADRIAN JENKINS,

Plaintiff-Appellant,

versus

SUSAN M. WALKER,
DAVID BIKOFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 10, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Adrian Jenkins appeals pro se the district court's sua sponte dismissal, for

failure to state a claim under 28 U.S.C. § 1915A(b)(1), of his 42 U.S.C. § 1983

complaint against court reporter Susan Walker and Georgia assistant attorney

general David Bikoff.  Jenkins claims in the complaint that during proceedings for his state habeas petition, he was denied due process and access to the courts because Bikoff opposed his motion for a continuance of the habeas evidentiary hearing until Jenkins could obtain free trial transcripts.  Then, says Jenkins, when he finally did receive the transcripts, several keys portions were altered or deleted, despite Walker certifying the transcripts were true and correct.  On appeal, Jenkins argues that he suffered an actual injury when Bikoff opposed his motion for the transcripts, and when the state court based its habeas corpus ruling on the defective transcripts.  After careful review, we affirm in part and vacate and remand in part.

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1).  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  In evaluating dismissals under § 1915(b)(1), we use the same standard that governs dismissals under Fed.R.Civ.P. 12(b)(6).  See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001) (concluding that § 1915A mirrors the language of dismissals under § 1915(e), which, in turn, tracks the language of Rule 12(b)(6)).  The complaint is viewed in the light most favorable to the plaintiff, and the plaintiff's well-pleaded facts are accepted as true.  Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007).  To avoid dismissal, the complaint must state a claim for relief that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

An indigent litigant's fundamental right to have access to the courts requires that an inmate be provided a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001). States should provide a trial transcript or adequate substitute in order to provide for "adequate and effective" appellate review. See Griffin v. Illinois, 351 U.S. 12, 20 (1956). A prisoner alleging an access-to-the-courts violation must show (1) actual injury; and (2) a non-frivolous, arguable underlying claim. Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006). Examples of actual injury include missing filing deadlines or being prevented from presenting claims. Wilson v. Blankenship, 163 F.3d 1284, 1290 n.10 (11th Cir. 1998).

A prosecutor's actions "intimately associated with the judicial phase of the criminal process" are protected by absolute immunity. Burns v. Reed, 500 U.S. 478, 492 (1991) (quotation omitted). This immunity extends to the post-sentencing conduct of a prosecutor. Hart v. Hodges, 587 F.3d 1288, 1296 (11th Cir. 2009). Thus, a prosecutor has absolute immunity for presentation of evidence at post-sentencing habeas corpus proceedings. Id.

Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc). See also Fed.R.Civ.P. 15. However, a district court need not allow amendment if the amended complaint would still be subject to dismissal. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). Moreover, pro se pleadings are held to less stringent standards than those drafted by lawyers and are liberally construed by this Court. Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). We may affirm on any basis supported by the record, regardless of whether the district court decided the case on that basis. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1256 (11th Cir. 2001).

Here, Jenkins failed to state a claim that assistant attorney general Bikoff, in objecting to his motion for a continuance, caused him an actual injury in his state habeas corpus proceeding. Notably, Jenkins did not indicate how Bikoff's objection to his receiving free transcripts injured his habeas petition. See Barbour, 471 F.3d at 1226. He did not allege that the lack of transcripts rendered him unable to raise his claims before the state court or that he missed any deadlines. See Wilson, 163 F.3d at 1290 n.10. Rather, Jenkins alleged that he received the

4

transcripts several months later, and that he had the transcripts by the time of the second state habeas evidentiary hearing.

In any event, assistant attorney general Bikoff is entitled to absolute immunity. A district court may dismiss a civil action from a prisoner against a governmental employee if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(2). Bikoff's alleged conduct occurred during a habeas corpus hearing, a judicial phase, and thus is protected by absolute immunity. Burns, 500 U.S. at 492. We affirm the court's dismissal of Jenkins's claim against assistant attorney general Bikoff.

While Jenkins also did not sufficiently allege that he suffered an actual injury due to Walker's alleged falsification of the transcripts, we vacate and remand to give Jenkins an opportunity to amend his complaint. See Bank, 928 F.2d at 1112. As the record shows, his complaint noted what was missing or altered in the transcripts, but did not indicate how the alterations or deletions injured his state habeas petition. However, the state court did not issue its habeas opinion until after Jenkins filed his § 1983 complaint, and a few weeks before the district court's order dismissing the complaint.[1] As a result, Jenkins may be able to state a claim by referencing the state court's habeas opinion, in which the state

---

[1] Generally, we do not consider evidence attached to an appellant's brief for the first time on appeal. S & Davis Int'l, Inc. v. The Republic of Yemen, 218 F.3d 1292, 1299 n.5 (11th Cir. 2000). But we may take judicial notice of another court's order for the limited purpose of recognizing the "judicial act" that the order represents. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994).

court denied Jenkins's claims of ineffective assistance of counsel, and by showing injury from, for example, the state court's reliance on an allegedly altered transcript.  See Griffin, 351 U.S. at 20.  Moreover, unlike assistant attorney general Bikoff, court reporter Walker is not entitled to absolute immunity, and thus amendment is not futile.  Cockrell, 510 F.3d at 1310.  Accordingly, we vacate the court's dismissal of Jenkins's complaint against court reporter Walker, and remand in order to give Jenkins an opportunity to amend his complaint.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**