[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10886

Non-Argument Calendar

_____

GLENN FRANCIS,

                                                            Plaintiff-Appellant,

*versus*

THOMAS SCARANTINO,
Warden,
LORI D. PALMIERI,
Court Appointed Counsel,
MARK J. O'BRIEN,
Court Appointed Counsel,
AMANDA ARNOLD SANSONE,
Judge at Bond Hearing,
SEAN P. FLYNN,

2                    Opinion of the Court                    22-10886

Judge at Competency Hearing, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02579-MSS-AAS

_____

Before NEWSOM, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff in this *pro se* action filed suit against numerous officials—including judges, prosecutors, court-appointed attorneys, an FBI agent, and wardens of facilities where he was detained at various times—involved in his criminal investigation and prosecution on wire and mail fraud charges. Plaintiff filed a motion to proceed *in forma pauperis*, which the district court granted. The court subsequently dismissed Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) based on its determination that the claims asserted in the complaint are facially meritless. After a careful review of the record and the appellate briefing submitted by Plaintiff, we **AFFIRM**. As there is no basis for granting Plaintiff's pending motions in this Court for entry of a default judgment and to amend his complaint, we **DENY** those motions.

## BACKGROUND

Plaintiff's claims in this action arise from his investigation, prosecution, and detention pending trial on wire and mail fraud charges. Briefly, Plaintiff was indicted in January 2019 following an investigation by FBI agent Tina Repp.[1] Plaintiff's criminal case was assigned to Middle District of Florida Judge Steven Merryday. Assistant United States Attorney Rachel Jones, supervised by Florida United States Attorney Maria Lopez, was responsible for prosecuting the case. Attorney Lori Palmieri initially was appointed as Plaintiff's defense counsel, but she was fired and replaced by attorney Mark O'Brien, who at some point was joined in the case by attorney Scott Robbins.

After Magistrate Judge Amanda Sansone denied Plaintiff bond, he was held at the Pinellas County detention facility under Warden Bob Gualtieri from January 2019 to March 2020, at Butner Federal Medical Center ("Butner") under Warden Thomas Scarantino from March to August 2020 and again from January to April 2021, and at the Citrus County detention facility ("Citrus") under Warden Mike Prendergast from August 2020 to January 2021. Plaintiff was transferred to Butner after his attorney O'Brien filed a motion for a competency hearing in October 2019, which Magistrate Judge Sean Flynn granted. Based on the results of a psychiatric evaluation and Plaintiff's testimony at the hearing, Judge Flynn

---

[1] We take the background facts of this appeal from Plaintiff's third amended complaint, the operative complaint in the action.

determined Plaintiff was incompetent, and referred him to Butner for further evaluation and treatment to restore his competency.

Plaintiff filed the complaint underlying this appeal in November 2020, after being transferred to Citrus following a three-month stay at Butner. Plaintiff's initial filing was designated as a habeas corpus petition and it was filed *pro se*. In the petition, Plaintiff claimed he was innocent of the charges in the indictment, and that he had been denied effective assistance of counsel and access to discovery and had been falsely declared incompetent.

In December 2020, Plaintiff filed a purported amendment to his petition, to which he attached a *pro se* motion seeking civil damages from several individuals involved in his investigation, arrest, and criminal proceedings, including attorneys Palmieri and O'Brien, FBI agent Repp, Prosecutor Rachel Jones, and Magistrate Judges Sansone and Flynn. The district court granted Plaintiff leave to amend but advised him that his wrongful arrest and detention claims were not ripe for review because his criminal case was still pending. The court also instructed Plaintiff that (1) he could raise issues about his counsel in a motion for relief under 28 U.S.C. § 2255 if he was convicted, (2) his challenge to the order adjudicating him incompetent could be cognizable in habeas proceedings filed against the Citrus warden under 28 U.S.C. § 2241, and (3) his claim for damages might be cognizable in a proceeding under 42 U.S.C. § 1983 if he could show he was denied a constitutional right

under color of law.  The court directed the clerk to send Plaintiff the standard prisoner forms for all three types of actions.[2]

Plaintiff subsequently was transferred back to Butner for treatment.  While there, Plaintiff filed a prisoner complaint asserting § 1983 claims against attorneys Palmieri, O'Brien, and Robbins, wardens Scarantino, Gualtieri, and Prendergast, prosecutors Jones and Lopez, Judges Flynn, Sansone, and Merryday, and FBI agent Repp based on alleged violations of his Fourth, Sixth, and Fourteenth Amendment rights.  Along with the complaint, Plaintiff filed a motion to proceed *in forma pauperis*, indicating that he was indigent.  A few days later, Plaintiff filed a second § 1983 complaint and a document titled an "amended remedy" in which he essentially asserted the same factual claims and asked to be found not guilty of the charges pending against him, released from custody, and compensated at a daily rate for his wrongful incarceration.

While the above filings were pending, the doctors at Butner reported to the court that Plaintiff remained incompetent and was refusing to accept medication that might restore his competency.  Upon receipt of the report, Judge Flynn held another competency hearing, after which he issued a report and recommendation ("R&R") finding that Plaintiff's condition had not improved and

---

[2] Before the court could enter its order, Plaintiff filed two documents raising additional civil rights claims.  The court construed those documents as amended petitions, advised Plaintiff that the claims may be cognizable under § 1983, and stayed the case to permit Plaintiff to refile them correctly using the standard form for a civil rights complaint enclosed with its earlier order.

there was no substantial probability he could be restored to competency in the foreseeable future. When the district court adopted the R&R, the Government filed a motion to dismiss the indictment against Plaintiff without prejudice. The district court granted the motion, and Plaintiff was released from custody in August 2021.

Thereafter, Plaintiff filed a third amended complaint against the same defendants. The district court granted leave to amend and accepted Plaintiff's third amendment as the operative complaint. Given Plaintiff's *in forma pauperis* motion, the court reviewed the claims asserted in the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Upon its review, the court concluded that Plaintiff could not assert a viable claim against the attorneys, prosecutors, or judges named in the complaint because all these individuals are immune from liability for claims arising from their participation in Plaintiff's criminal proceeding. As for the wardens, the court held that Plaintiff's claims were meritless because he failed to allege that any of the wardens personally participated in or contributed to his constitutional violations. Finally, the court determined that Plaintiff's allegations were too vague and conclusory to state a claim against Repp, and that any claim based on illegal surveillance in 2014 and an unlawful warrant in early 2016 were untimely because those claims are governed by a four-year statute of limitations and Plaintiff did not meet that deadline. The court concluded by dismissing Plaintiff's complaint with prejudice, noting that Plaintiff had failed to state a viable claim despite multiple opportunities to do so.

22-10886               Opinion of the Court                    7

Plaintiff filed a notice of appeal and a motion in the district court to proceed with the appeal *in forma pauperis* and to appoint counsel to represent him. The district court denied Plaintiff's motions, stating that his appeal was meritless and that appointment of counsel to a civil litigant is only available in exceptional circumstances not present in this case. Plaintiff then filed a separate motion to "reopen" his case, in which he claimed he had retained an attorney, Ben Buck, who failed to take various essential steps in his case. Attorney Buck responded that he had declined to represent Plaintiff after Plaintiff refused to pay his hourly fee. The court interpreted Plaintiff's filing as a motion to reopen pursuant to Federal Rule 60(b), determined that it could deny the motion even though Plaintiff's pending appeal otherwise deprived it of jurisdiction, and denied the motion because the record refuted Plaintiff's claim regarding attorney Buck.

Thereafter, Plaintiff filed successive motions in this Court to proceed *in forma pauperis* and for appointment of counsel, multiple subpoenas for various individuals—including former United States Attorney General William Barr—to testify at a deposition, documents purporting to restate his allegations and "revise the defendants" listed in his appeal, and what appear to be at least two purported amended complaints. This Court denied Plaintiff's *in forma pauperis* motion and his request for appointment of counsel after finding that the appeal presented "no issue of arguable merit." Plaintiff subsequently paid the applicable filing fee and filed a motion to amend his complaint, which this Court denied. Plaintiff then filed motions in this Court for a default judgment and to add

parties and revise his complaint, both of which motions remain pending.

Plaintiff's appellate brief does not challenge any of the reasons provided by the district court for dismissing his complaint under § 1915(e)(2)(B)—that is, the immunities precluding liability for the prosecutors, attorneys, and judges named in the complaint, the statute of limitations bar applicable to claims arising from a 2016 search warrant and preceding surveillance, and the failure of the complaint to specifically allege any acts by the remaining defendants that arguably violated Plaintiff's constitutional rights. As such, we find that Plaintiff has abandoned these issues and we **AFFIRM** the district court's dismissal of his complaint on that ground. As for the pending motions, Plaintiff's purported amendment of his complaint is procedurally impermissible and there is no basis upon which to grant Plaintiff's requested default judgment. Accordingly, we **DENY** Plaintiff's motions.

## DISCUSSION

The district court dismissed Plaintiff's complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), which applies to a complaint filed *in forma pauperis* and which requires the dismissal of such a complaint if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). *See also Hughes v. Lott*, 350 F.3d 1157, 1159 (11th Cir. 2003) (setting out the standards applicable under § 1915(e)(2)(B)). We review the *sua sponte* dismissal of a complaint under § 1915(e)(2)(B) *de novo*, viewing the

22-10886                Opinion of the Court                9

allegations in the complaint as true. *See Hughes*, 350 F.3d at 1160. Dismissal is warranted if the complaint, assuming its allegations are true, does not contain "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As a *pro se* litigant, Plaintiff's pleadings "are held to a less stringent standard than pleadings drafted by [an] attorney[] and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But this leniency does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). Accordingly, we will affirm the dismissal of Plaintiff's complaint if it does not meet the facial plausibility standard—that is, if its allegations do not support a reasonable inference "that the defendant[s] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

As mentioned, Plaintiff does not in his appellate brief address any of the district court's grounds for dismissing his complaint. Again, the court held that Plaintiff's claims against the court-appointed attorneys, prosecutors, and judges named in the complaint are barred by immunity, that any claim based on unlawful surveillance or an illegal warrant is time-barred, and that Plaintiff's allegations against the remaining defendants—the wardens and Agent

Repp—do not support a claim that these individuals personally participated in or contributed to any alleged constitutional violation, as required to support individual liability under § 1983.[3]  Plaintiff's appellate brief does not even acknowledge the immunity or statute of limitations issues.  Nor does Plaintiff explain in his brief how the wardens or Repp personally violated his constitutional rights.  Indeed, Plaintiff does not mention Repp at all and he only discusses the wardens in passing.  As such, Plaintiff has abandoned any challenge to the district court's rulings on these issues, and we affirm the dismissal order on that ground.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." (citation omitted)).

---

[3]  Plaintiff has named both state and federal officials as defendants in his complaint.  We note that Plaintiff's claims against federal officials arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) rather than § 1983.  *See Bivens*, 403 U.S. at 397 (authorizing an action for damages against federal officials based on their violation of the plaintiff's Fourth Amendment rights).  For purposes of this appeal, there is no material difference between liability arising under § 1983 and that arising under *Bivens*, so we do not distinguish between the two in our discussion.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) ("The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." (quotation marks and citation omitted)).

We note briefly that the district court's rulings as to immunity, the statute of limitations bar, and Plaintiff's failure to allege sufficient facts to support a viable claim for individual liability against Repp or the wardens are correct, and that we would affirm those rulings even if they were properly challenged by Plaintiff on appeal. Judges enjoy absolute immunity from damages for acts taken in their judicial capacity so long as they do not act "in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quotation marks omitted). Plaintiff does not allege that the judges named as defendants in this case acted in the absence of jurisdiction. Prosecutors likewise are immune from liability for acts "intimately associated" with the judicial phase of a criminal trial, a category that includes all the acts alleged by Plaintiff. *See Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (quotation marks omitted). Prosecutors only have qualified immunity when performing functions that are "not associated with [the prosecutor's] role as an advocate for the state"—for example, investigative functions. *See id.* at 1282. But again, Plaintiff's claims against the prosecutors named in the complaint do not concern such functions. Finally, court-appointed defense attorneys are not subject to liability under § 1983, or under the *Bivens* corollary that applies when a federal official is involved, for acts related to their representation of an indigent defendant. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (explaining that a public defender does not act under color of law, as required to impose liability under § 1983, "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

Regarding Repp, the district court did not err when it found Plaintiff could not assert a plausible claim based on allegedly unlawful surveillance in 2014 and an illegal warrant in March 2016 because the applicable statute of limitations required any such claim to be filed within four years of those events, and Plaintiff did not satisfy that requirement. *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (noting that § 1983 claims are governed by the statute of limitations for personal injury actions in the state in which the cause of action arose, which in Florida is four years). Nor did the court err when it determined that Plaintiff had failed to allege any other facts that could plausibly subject Repp to personal liability under § 1983. Plaintiff claimed in his complaint that Repp lied at a bond hearing, improperly used a confidential informant, withheld exculpatory evidence, and unlawfully arrested him. The court correctly disposed of these claims, holding that (1) Repp was immune from liability arising out of her testimony at a pretrial hearing, (2) the use of a confidential informant does not violate constitutional rights unless it is done in a manner that "shocks that conscience" or is arbitrary, which Plaintiff did not allege, and (3) the remaining allegations were too vague and conclusory to state a claim because Plaintiff did not identify the exculpatory evidence at issue or the purported defect in his search or arrest warrant, nor provide any facts indicating that Repp was personally responsible for any such defect.[4] *See Jones*, 174 F.3d at 1281 ("Police

---

[4] As the district court noted, Plaintiff's claim that Repp withheld exculpatory evidence also fails because he did not allege that Repp acted in bad faith. *See Porter v. White*, 483 F.3d 1294, 1308 (11th Cir. 2007) ("[W]e hold that mere

officers enjoy the same absolute immunity as lay witnesses for their testimony at trial … or in front of the grand jury." (citations omitted)) and *Waddell v. Hendry Cnty. Sheriff's Ofc.*, 329 F.3d 1300, 1307 (11th Cir. 2003) (holding that the defendant's use of a confidential informant was not "so egregious" that it established a substantive due process violation).

Likewise, the district court correctly held that Plaintiff failed to allege a basis for imposing individual liability under § 1983 on any of the wardens named in the complaint. Plaintiff's allegations regarding the wardens all relate to issues beyond the authority of the wardens and/or conduct by jail doctors or other officials that the wardens did not participate in or sanction. For example, Plaintiff alleges that Scarantino and Prendergast illegally detained him or "held him hostage" in their facilities, denied him a speedy trial, and refused his request for a different court-appointed attorney. These are not decisions within the sphere of a warden's authority. Plaintiff also alleges that doctors at Butner evaluated and tried to medicate him in a manner that violated his constitutional rights, but he does not allege that Scarantino participated in or was aware of the violations. Plaintiff likewise complains about various acts of doctors and other jail officials at Pinellas (for example officials who allegedly housed him with hardened criminals and failed to retrieve

negligence or inadvertence on the part of a law enforcement official in failing to turn over *Brady* material to the prosecution, which in turn causes a defendant to be convicted at a trial that does not meet the fairness requirements imposed by the Due Process Clause, does not amount to a 'deprivation' in the constitutional sense.").

him for attorney visits), but again he does not allege that Gualtieri was involved in any of these acts, as would be required to impose individual liability under § 1983.

Furthermore, the district court did not abuse its discretion by dismissing Plaintiff's third amended complaint with prejudice and without granting him to leave to amend. As the court pointed out, Plaintiff had multiple opportunities to amend his complaint after being advised by the court in prior orders of the specific deficiencies in the complaint. It would have been futile to grant Plaintiff leave to amend as to most of the defendants named in the complaint, because they are immune from suit on his asserted claims. But even as to those defendants without clear immunity, Plaintiff tried numerous times and repeatedly failed to state a claim that would support § 1983 liability. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1327 (11th Cir. 2001) (upholding a district court's dismissal of the plaintiff's complaint without granting leave to amend where the plaintiff's motion to amend "failed to allege new facts from which the district court could have concluded that [he] may have been able to state a claim successfully").

Finally, we **DENY** Plaintiff's pending motions in this Court seeking a default judgment and to amend his complaint. As is apparent from the above discussion, Plaintiff is not entitled to a judgment in this action. Regarding his motion to amend, Plaintiff wants to assert new claims against additional parties. Any parties not named as defendants in Plaintiff's complaint below are not properly before this Court. Moreover, the Court has "repeatedly

held that an issue not raised in the district court and raised for the first time in an appeal will not be considered[.]" *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted).  Accordingly, there is no basis for granting Plaintiff's motion to amend.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Plaintiff's complaint under § 1915(e)(2)(B) and we **DENY** Plaintiff's pending motions in this Court to enter a default judgment and to amend his complaint.